OTTO ZINSENHEIM, Respondent, *v.* CONGREGATION BETH DAVID, INC., Appellant.

First Department, May 24, 1960.

*Thomas P. O'Malley* of counsel (*George J. Conway*, attorney), for appellant.

*Nathan Dechter* (*William Steingesser* with him on the brief), for respondent.

*Per Curiam.* Plaintiff, a glazier, ascended to the wide ledge of a mantle about 12 feet above the floor in the synagogue maintained by defendant to inspect a leaky stained-glass window. While still on the ledge he changed some electric light bulbs at the direction of one of defendant's officers. In descending from the mantle he came in contact with a heavy stone ornament resting on the ledge, which toppled over, struck and precipitated plaintiff to the floor.

The recovery below was based on the failure of defendant to supply a safe working space, as required by section 200 of the

Labor Law, which is a codification of the common-law rule. Findings that the working space was known to be unsafe or that such an unsafe condition was discoverable in the exercise of reasonable care are essential elements of any recovery under the common-law rule or the statute (*Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Constr. Corp.*, 9 A D 2d 379, 383). To charge, as the trial court did, that " The negligence, if any, rests in the knowledge of the defendant or its agents that the heavy ornament was so placed as to be dangerous and liable to topple over when anyone on the ledge or its vicinity would come in contact with it " did not pose to the jury, with sufficient clarity, the requirement of a finding either of knowledge of the unsafe condition or that such condition should have been ascertained with reasonable care. " The premises are made safe by the discovery of dangers ascertainable through reasonable diligence and remedying them or warning against them " (*Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Constr. Corp., supra,* p. 382). The omission in the charge was emphasized by the refusal to charge that there was no proof of knowledge that the ornament might topple if touched, and the failure to charge concerning the element of notice.

The judgment should be reversed, on the law and on the facts, and a new trial granted, with costs to abide the event.

BOTEIN, P. J., RABIN, M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and a new trial granted, with costs to abide the event.